**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANIK MELIANI, | No. 10-72706 |
| Petitioner, | Agency No. A097-703-332 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Nanik Meliani, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Meliani established changed circumstances to excuse the delay in filing her asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). We reject Meliani's contention that the IJ exhibited bias. Accordingly, Meliani's asylum claim fails.

Substantial evidence supports the agency's conclusion that Meliani failed to establish her experiences in Indonesia rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (petitioner's account of being beaten, robbed of sandals and pocket money, and accosted by a mob did not compel a finding of past persecution). Substantial evidence also supports the agency's conclusion that, even under a disfavored group analysis, Meliani failed to demonstrate sufficient individualized risk of persecution to establish eligibility for withholding of removal. *See id.* at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We deny Meliani's request for further

consideration of her claim under a disfavored group analysis. Accordingly, her withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Meliani did not establish that it is more likely than not she would be tortured by the Indonesian government or with its consent or acquiescence if she returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**